UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Brian Kerzetski,

                    Plaintiff

v.

Julio Calderin, et al.,

                    Defendants

Case No. 2:24-cv-02423-CDS-BNW

**Order Granting Plaintiff's Motion to Extend Time and Emergency Motion for Preliminary Injunction**

[ECF Nos. 17, 24]

Plaintiff Brian Kerzetski filed an emergency motion for a preliminary injunction ordering the defendants to serve him vegan meals on most Wednesdays and Fridays, and non-vegan meals on the other days. Mot. for prelim. inj., ECF No. 17.[1] Right now, Kerzetski receives vegan meals every day of the week. *See* Kerzetski Aff., Pl.'s Ex. 2, ECF No. 17 at 31. He argues that this violates his free exercise rights because he is not receiving non-vegan meals on "non-abstinence days"—that is, Sundays, Mondays, Tuesdays, Thursdays, and Saturdays. *Id.* at 2. He also filed a motion to extend time to respond to the defendants' opposition. Mot. extend time, ECF No. 24. For the reasons set forth below, I grant Kerzetski's motion for preliminary injunction and motion to extend time.

## I.      Background

Kerzetski states that he is a "practicing member of the Byzantine Rite of the Catholic Church." ECF No. 17 at 2. As part of his religion, Kerzetski seeks to receive vegan meals only on Wednesdays and Fridays; he is to receive non-vegan meals on all other days. *Id.* This diet is consistent with the Orthodox Catholic diet that the Nevada Department of Corrections (NDOC) offers. *See* Admin. Reg. 810, Def.'s Ex. B, ECF No. 22-2 at 16. Despite numerous requests to receive the Orthodox Catholic diet, Kerzetski continues to receive vegan meals every day of

---

[1] The motion is fully briefed. Resp., ECF No. 22; Reply, ECF No. 23.

the week. ECF No. 17 at 2; *see also, e.g.*, Request for Accommodation of Religious Practices, Pl.'s Ex. 6, ECF No., 23 at 14–19 (February 14, 2024 religious diet accommodation request); Informal Grievance 20063166503, Pl.'s Ex. 7, ECF No. 23 at 20–23 (May 2, 2024 informal grievance regarding religious dietary needs); Informal Grievance 20063167425, Pl.'s Ex. 8, ECF No. 23 at 24–27 (June 14, 2024 informal grievance regarding lack of response to the February 14th request).

The defendants argue that a preliminary injunction is not appropriate because Kerzetski is a Roman Catholic, so he does not require the Orthodox Catholic diet. ECF No. 22. In support of that argument, the defendants submit NDOC records classifying Kerzetski as a Roman Catholic. *See* Religion History, Defs.' Ex. A, ECF No. 22-1. They also submit Administrative Regulation 810, which describes the Roman Catholic diet as follows: "meatless entrée or alternative meatless diet on Ash Wednesday, Good Friday, and the Fridays during lent, by personal choice." Admin. Reg. 810, Defs.' Ex. B, ECF No. 22-2. And they further argue that "[i]f Kerzetski wanted to ask for additional fasting or meatless days for Roman Catholics, he could submit Document 3529 to request for recognized holiday service." ECF No. 22 at 2.

Because Kerzetski's requests for the Orthodox Catholic diet have not been heeded, he now seeks injunctive relief with this court to receive the diet from June 29, 2026, through July 31, 2026. *Id.* at 5.

## II.     Legal standard

A party seeking an injunction must prove that (1) he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008)). The Ninth Circuit also recognizes an additional standard: "if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships

2

tips *sharply* in the plaintiff's favor, and the other two *Winter* factors are satisfied.'" *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

Civil injunctive relief in the prison context "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). I must give "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out" in 18 U.S.C. § 3626(a)(1)(B). *Id.* A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (citation modified). And when a party seeks a mandatory injunction ordering the "responsible party to take action," I must "deny such relief unless the facts and law clearly favor the moving party." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc) (citation modified).

**III.     Discussion**

At the outset, having found excusable neglect, I grant Kerzetski's motion to extend time to file a response. *See* Local Rule IA 6-1(a). Having reviewed the emergency motion and its attached exhibits, I find that the *Winter* factors weigh in favor of granting the plaintiff's request for a preliminary injunction.[2]

To succeed on a First Amendment free exercise claim, a plaintiff must first show that their religious exercise rises out of sincerely held beliefs and is rooted in religious belief. *Jones v. Slade*, 23 F.4th 1124, 1144 (9th Cir. 2022). Next, the plaintiff must show that the challenged government action substantially burdens his free exercise of religion. *Id.* at 1139, 1144. Finally, the

---

[2] As a threshold matter, I strike the emergency designation in the plaintiff's motion, as the plaintiff did not comply with the local rules. *See* Local Rule 7-4(a). That is, there was no declaration attached to the motion. Kerzetski is advised he is required to comply with all court rules and orders, to include the Local Rules.

burden shifts to the defendants to show that the burden to the plaintiff is reasonably related to legitimate penological interests. *See id.* at 1144.

Here, Kerzetski has shown a likelihood of success on his free exercise claim. Kerzetski states that he is a practicing Catholic who "for decades has held to the beliefs of the Catholic church, some of which are the dietary traditions of abstaining from meat, dairy eggs, fish, oil, and wine on most Wednesdays and Fridays during the year and partaking such foods on non-abstinence days." ECF No. 17 at 4; *see also* Kerzetski Aff., Pl.'s Ex. 2, ECF No. 17 at 31. This assertion is supported by his declaration and his numerous requests to receive the religious diet that accommodates Byzantine Catholic beliefs. By failing to respond to his requests or accommodate his religious dietary needs, the defendants have substantially burdened Kerzetski's free exercise rights. And they have failed to show how this deprivation is reasonably related to a penological interest. In fact, the diet which Kerzetski seeks is one that the NDOC already makes available to inmates. As such, I find that Kerzetski has shown a likelihood of success on the merits of his free exercise claim.

Next, Kerzetski's free exercise rights will be substantially burdened if the preliminary injunction is not granted. Kerzetski argues that the defendants have substantially burdened his beliefs by denying him meals from the non-vegan menu on non-abstinence days, and that "they will continue to do so from June 29, 2026 through July 31, 2026." ECF No. 17 at 5. Per his declaration, denying him the appropriate meals forces him to choose between receiving appropriate nutrition or practicing his religion, "which is no choice at all." *Id.* at 5–6. This is sufficient to find that the plaintiff establishes a prima facie case of a substantial burden upon him and, in turn, weighs in favor of granting Kerzetski's motion. *See McElyea v. Babbitt*, 833 F.2d 196 (9th Cir. 1987) (holding that inmates "have the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion" and requiring that reasonable alternatives be considered by the prison).

Further, the accommodation that Kerzetski seeks is something the NDOC already makes available. *Id.*; *see also* Pl.'s Ex. 1, ECF No. 17 at 18. *See Shakur v. Shriro*, 514 F.3d, 878, 886 (denying the plaintiff Kosher meals as an alternative to his requested Halal, where the Kosher plan already existed was a burden on the inmate's First Amendment rights). Thus, the balance of equities tips in his favor because accommodating his religious diet is of little imposition to the defendants, especially when weighed against Kerzetski's First Amendment right to free exercise of his religion. Indeed, the diet that Kerzetski's seeks is already offered by the NDOC, so there is little inconvenience in providing it to him.

Finally, granting the preliminary injunction is in the public's interest because it promotes the First Amendment right to free exercise of religion. *See Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (finding it "is always in the public interest to prevent the violation of a party's constitutional rights").

Because Kerzetski meets all four *Winter* factors, I grant his request for a preliminary injunction.

IV.    Conclusion

IT IS HEREBY ORDERED that the emergency designation is stricken but plaintiff's motion for preliminary injunction **[ECF No. 17] is GRANTED**. The defendants must give the plaintiff the Orthodox Catholic diet from June 29, 2026, through July 31, 2026.

IT IS FURTHER ORDERD that the plaintiff's motion to extend time to file a reply **[ECF No. 24] is GRANTED.**

Dated: June 29, 2026

_____
Cristina D. Silva
United States District Judge