UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Brian Kerzetski,

Plaintiff

v.

Julio Calderin, et al.,

Defendants

Case No. 2:24-cv-02423-CDS-BNW

**Order Denying Plaintiff's Emergency Motion for Contempt and Granting Motion for Leave to File a Supplement**

[ECF Nos. 26, 29]

On June 29, 2026, this court granted plaintiff Brian Kerzetski's motion for preliminary injunction and ordered the defendants to give him the Orthodox Catholic diet from June 29, 2026, through July 31, 2026. ECF No. 25. On July 7th, Kerzetski filed an emergency motion for contempt indicating that the defendants have failed to honor the court's June 29th order. Mot., ECF No. 26. Because the injunction is active, the court ordered expedited briefing on the matter. *See* Min. order, ECF No. 27. The defendants timely complied by filing a response to the motion. Resp., ECF No. 28. Kerzetski has also filed a motion for leave to file a supplement to his emergency motion, wherein he states that he did not receive the proper meal on at least two occasions. Mot. leave, ECF No. 29. For the following reasons, I deny the motion for contempt and grant the motion for leave.

## I. Discussion

"Civil contempt consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Inst. of Cetacean Rsch. v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 945 (9th Cir. 2014) (citation modified). "The party alleging civil contempt must demonstrate that the alleged contemnor violated the court's order by 'clear and convincing evidence,' not merely a preponderance of the evidence." *Id.* (quotation omitted).

Here, I find that the defendants took all reasonable steps within their power to comply with my June 29th order. The defendants' response indicates that their counsel received the order on June 30th and "immediately provided [the order] to High Desert State Prison." ECF No. 28. at 2. But "[b]ecause meal preparation for June 30 was already completed, Kerzetski's new diet was put into place starting July 1, 2026." *Id.* The defendants explain how the new diet was put into place and corroborate their explanation with a sworn declaration from Anthony Quillmann. *See id*; Quillmann decl., ECF No. 28-1.

Though the defendants instituted Kerzetski's new diet two days after the court order and allegedly failed to give the correct diet on at least two occasions, I do not find that the untimeliness warrants contempt. Rather, I recognize that the date on which I issued the order—June 29th—is the same day on which Kersetski's new diet was ordered to begin. I also recognize the logistical hurdles that accompany the injunctive relief ordered. In sum, the defendants have shown that they took all reasonable steps to comply with my June 29th order. So I deny the plaintiff's emergency motion for contempt.

## II. Conclusion

IT IS HEREBY ORDERED that the plaintiff's motion for contempt **[ECF No. 26] is DENIED.**

IT IS FURTHER ORDERED that the plaintiff's motion for leave to file a supplement **[ECF No. 29] is GRANTED.**

Dated: July 14, 2026

Cristina D. Silva
United States District Judge